**AFFIRM; and Opinion Filed July 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01309-CV

### IN THE INTEREST OF M.W.M., JR., A MINOR CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-07-04168-Z**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Schenck
Opinion by Justice Schenck

Father appeals the trial court's order denying his motion to compel arbitration of this family law controversy. In his first issue, he asserts Mother's motion seeking enforcement of the judgment's terms is subject to an arbitration provision incorporated within the final judgment itself. In his second issue, he urges that post-judgment collection matters and discovery are subject to the arbitration agreement. We affirm the trial court's order. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

The parents divorced in 2010. Their June 21, 2010 Amended Agreed Final Decree of Divorce ("Divorce Decree" or judgment) includes agreements to mediate, and, if necessary, arbitrate future disputes that may arise between the parties, including certain unspecified financial disputes. The Divorce Decree also required Father to make payments to Mother, beginning on the

date the Divorce Decree was entered and continuing through December 2017.[1]  Father failed to make the first property division payment due to Mother under the Divorce Decree.  Mother sought and obtained an arbitration award for $51,847.33 and interest and later obtained an order from the trial court confirming that arbitration award ("2010 Judgment").  Husband did not contest the arbitrability of that dispute.

On May 31, 2017, [2] Mother filed a motion for arbitration award, requesting the arbitrator award to her the remaining unpaid amounts of contractual alimony and property division payments.  Father requested that the arbitrator combine the proceedings on Mother's motion for arbitration award with his own request for child support and with other child related financial issues.  The arbitrator agreed to combine the issues into one hearing and ordered each party to deposit $10,000 to cover his expected fee.

In June 2017, Mother filed an application for a turnover order in the trial court, seeking an order requiring Father to turn over the balance of his investment portfolio of $96,263.75 to satisfy the obligations set out by the court in its 2010 Judgment.[3]  A few days later, Mother moved to compel Father to produce documents responsive to post-judgment discovery requests she had served to aid in her attempts to enforce the 2010 Judgment.  Mother then filed an application for court order, which sought an order enforcing the 2010 Judgment and an order requiring Father to provide "adequate security for the arbitration award to which [Mother] is entitled."  On June 30,

---

[1] The Divorce Decree provided for contractual alimony where Father agreed to pay Mother $800,000 in installment amounts of $114,285.71 paid annually for six years, beginning the first anniversary date of the entry of the Divorce Decree.  The Divorce Decree also provided that if Father failed on demand to pay Mother the payment of any periodic amount due and such failure continued for more than 30 days after Mother gave Father written notice of the failure, the entire remaining contractual alimony obligation of Father would become immediately due and payable to Mother.

Finally, the Divorce Decree awarded property division payments to Mother per the following schedule: (a) $51,847.33 to be paid upon entry of the Divorce Decree; (b) $51,847.33 to be paid within six months of the entry of the Divorce Decree; (c) $50,000 to be paid on December 21, 2012; (d) $50,000 to be paid on December 21, 2014; (e) $50,000 to be paid on December 21, 2016; and (f) $100,000 to be paid on December 21, 2017.

[2] In the intervening years, the parties have participated in other proceedings before the arbitrator regarding issues related to their child.  *See In re M.W.M., Jr.*, 523 S.W.3d 203 (Tex. App.—Dallas 2017, no pet.).

[3] In her application, Mother asserted that, including interest, the balance owed on the judgment was approximately $72,776.17, and that interest continued to accrue at a rate of $9.732 per day.

Mother filed a motion for judgment, which sought a judgment on all the contractual alimony and property division payments set forth in the Divorce Decree (except for the amount awarded to her in the 2010 Judgment). That same day, Mother filed an application for court assistance in which she sought a ruling that post-judgment discovery and collection remedies were not "disputes regarding financial matters" and thus not were within the scope of the arbitration agreement. Her application for court assistance also sought alternative rulings that (1) she was entitled to a prompt arbitration hearing with a fee deposit based only on the time required to establish the amount to be awarded to her for Father's non-payment under the Divorce Decree, or (2) the arbitration agreement in the Divorce Decree is unenforceable because it is unconscionable or illusory. Father filed a combined motion to compel arbitration and response to Mother's motion for judgment, as well as separate responses to Mother's application for turnover relief and Mother's application for court assistance. In both pleadings, Father urged that Mother's issues raised in her applications and motion were subject to the arbitration agreement in the Divorce Decree.

The associate judge heard and denied Father's motion to compel arbitration, and he appealed that decision to the district court judge. The district judge conducted hearings on Father's appeal of the associate judge's order and issued an order denying Father's motion to compel arbitration, in which the district judge included the finding "that the arbitration provision in the [Divorce Decree] does not cover the use of post-judgment remedies, such as turnover and garnishment, nor does it cover the use [of] post-judgment discovery directed at collection of the unpaid judgment balance." Father timely filed this appeal.

## DISCUSSION

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009). We defer to the trial court's factual determinations that are supported by evidence but review the trial court's legal

determinations de novo. *Id.* Whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law, which we review de novo. *Id.*

A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement. *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013).

In his first issue, Father urges Mother's motion for judgment is subject to arbitration because it alleges financial disputes that are subject to the arbitration agreement.

Father moved to compel arbitration under the Texas Arbitration Act, which provides that a "written agreement to arbitrate" is enforceable if it provides for arbitration of either an existing controversy or one that arises "between the parties after the date of the agreement."[4] TEX. CIV. PRAC. & REM. CODE ANN. § 171.001(a).

The arbitration agreement in the Divorce Decree provides in part as follows:

The parties agree that, if they are not able to reach an agreement through use of the Mediator, the following shall be submitted for binding arbitration:

1. any disputes regarding the children's education;

2. any dispute regarding periods of possession;

3. modification of any of the following:

       a. conservatorship;
       b. terms and conditions of conservatorship;
       c. periods or levels of possession;
       d. supervised possession;
       e. terms and conditions of possession;
       f. child support.

4. enforcement (if not seeking contempt) of any of the following:

       a. child support

---

[4] The parties' agreement specified that arbitration will be conducted in accordance with both Texas General Arbitration Act (Chapters 154 and 171 of the Texas Civil Practice & Remedies Code) and section 153.0071 of the Texas Family Code (Alternative Dispute Resolution procedures—Parent–Child Relationship). We recognize that the Federal Arbitration Act ("FAA") applies to all arbitration disputes in state or federal court that involve commerce, and that the Supreme Court's jurisprudence concerning the parties' ability to alter its review standards, whether by explicit agreement or by selection of other law, is potentially complicated. *In re M.W.M., Jr.*, 523 S.W.3d at 207. However, the arbitration agreement in this case is not within the FAA's broad reach, as the agreement containing it concerns wholly intra-state divorce, custody matters. *Id.*

        b. periods of possession
        c. terms and conditions of conservatorship
        d. terms and conditions of possession

5. any disputes regarding financial matters.

Father urges that the phrase "any disputes regarding financial matters" within the arbitration agreement applies to Mother's claims for judgment for past-due and accelerated property division and contractual alimony payments despite the trial court's having resolved the underlying controversies in the Divorce Decree.

As set forth in the Divorce Decree, Mother and Father attended a mediation, settled all disputes between them and entered into the agreed Divorce Decree as a result. When such an agreement is incorporated into a divorce decree, it is considered a contract, and it is interpreted and enforced under general contract law. *See In the Interest of L.R.P.*, 05-14-01590-CV, 2016 WL 514174, at *2 (Tex. App.—Dallas, Feb. 9, 2016, no pet.) (mem. op.) (citing TEX. FAM. CODE ANN. § 7.006(a) (providing for written agreement between divorcing spouses concerning division of property and liabilities of spouses and maintenance of either spouse)). Moreover, arbitration agreements are interpreted under traditional contract principles. *See In re M.W.M., Jr.*, 523 S.W.3d 203, 207 (Tex. App.—Dallas 2017, no pet.). When a contract's meaning is unambiguous, our task is to determine the parties' intentions as expressed in the written instrument. *Apache Deepwater, LLC v. McDaniel Partners, Ltd.*, 485 S.W.3d 900, 906 (Tex. 2016). We examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Id.*

As noted above, the amounts Mother seeks in her motion for judgment are past-due and accelerated property division and contractual alimony payments, all of which were set forth in the Divorce Decree. If asset divisions and alimony payments set forth in the Divorce Decree were not already conclusively resolved by the Divorce Decree, then the provisions establishing property

division and contractual alimony payments would be rendered meaningless. *See id.* Accordingly, "any disputes regarding financial matters" as referenced in the arbitration agreement must refer to disputes that arise post-judgment not those that have already been resolved by the court itself. Stated another way, once settled by the court and reduced to the form of a final judgment, the parties can no longer treat the underlying issues as in "dispute."[5] Because Mother's claims relate to Father's failure to pay amounts already set forth in the Divorce Decree, they do not fall within the scope of the arbitration agreement. *See Rachal*, 403 S.W.3d at 843.

Father also urges that Mother's actions in obtaining an arbitration award for the first payment Father failed to make constitute an acknowledgment that her claims for property division and contractual alimony payments are within the scope of the arbitration agreement. We construe Father's argument to be that Mother's actions constitute waiver of any right to seek a trial court's order enforcing the Divorce Decree or consent to arbitrate all claims for property division and contractual alimony payments. *See* TEX. R. APP. P. 38.9. However, Father does not cite, nor have we found, any authority to support this argument.

We overrule Father's first issue.[6]

In his second issue, Father urges that any post-judgment collection matters and discovery pursued by Mother are similarly covered by the arbitration agreement. We have already decided in addressing Father's first issue that Mother's claims related to property division and contractual alimony payments are not within the scope of the arbitration agreement. Mother's application for turnover relief and motion to compel discovery relate to her efforts to enforce the 2010 Judgment, which confirmed her arbitration award for Father's nonpayment of the first payment under the

---

[5] This reading also harmonizes paragraph 5 of the arbitration agreement with the remaining paragraphs, all of which are forward looking.

[6] As part of his first issue, Father urges that Mother misapplies the doctrine of ejusdem generis to interpret the arbitration agreement and that the arbitration provision is neither unconscionable nor illusory. In light of our resolution of his first issue, we need not address these other arguments. *See* TEX. R. APP. P. 47.1.

Divorce Decree.  Accordingly, the arbitration agreement's limitations on discovery do not apply to Mother's attempts to enforce the 2010 Judgment or to compel post-judgment discovery related to Father's non-payment of the property division and contractual alimony payments.[7]

We overrule Father's second issue.

In light of our resolution of Father's issues, we need not address Mother's cross-issue premised on our sustaining one or both of Father's issues.  *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's order.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


171309F.P05

---

[7] Even assuming the arbitration agreement did contemplate enforcement of the property division and contractual alimony payments, Mother's post-judgment collection and discovery matters relate to the 2010 Judgment, which confirmed her arbitration award for Father's nonpayment of the first payment under the Divorce Decree.

The civil practice and remedies code provides for a party to obtain a court order and judgment confirming an arbitration award and further provides that such judgment may be enforced in the same manner as any other judgment or decree.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.092.  Section 31.002(b) provides for collection of judgment through court proceeding and permits a court to order the judgment debtor to turnover non-exempt property that is in the debtor's possession or is subject to the debtor's control.  *Id.* § 31.002(b).  Mother's application for turnover relief requested an order that Father turn over property in Father's possession to the sheriff for execution, and her requests for discovery sought information regarding Father's financial assets and thus ability to pay the ordered property division and contractual alimony amounts.

Father urges that the phrase "any disputes regarding financial matters" is so broad as to encompass Mother's attempts to enforce any arbitration awards unless such claims were expressly excluded.  However, nothing in this arbitration agreement indicates the parties agreed to waive their rights to obtain orders or judgments from the court to confirm arbitration awards or to enforce the same.

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.W.M., JR., A MINOR CHILD

No. 05-17-01309-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-07-04168-Z.
Opinion delivered by Justice Schenck, Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Helen Austin recover her costs of this appeal from appellant Michael W. Mitchell.

Judgment entered this 17th day of July, 2018.